**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DEVIN BARRON, #Y60327,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-01429-SMY** |
| | ) | |
| **ANTHONY WILLS,** | ) | |
| **MATTHEW PLUMMER, and** | ) | |
| **TARA CHADDERTON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

Plaintiff Devin Barron, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims delays and insufficient treatment for his medical conditions violated his constitutional rights and seeks monetary damages and emergency injunctive relief. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): At an unspecified time, Plaintiff began experiencing several serious symptoms or conditions, including "jaundice of the eyes/urine," diarrhea, intestinal cramps, gas, bloating, and "extreme physical pains." (Doc. 1

at 5). Plaintiff was "treated like a lab rat" and given Mintox, docusate, ibuprofen, Fiber-Lax, bismuth subsalicylate, and methocarbamol, none of which eased his symptoms or pains. Despite this, Defendants persisted in providing inadequate treatment and ignored Plaintiff's suffering. (Doc. 1 at 5–6). Plaintiff requests a "medical diagnosis, maximum-strength pain-relief medicines, and related treatment," as well as monetary damages. (Doc. 1 at 6).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Anthony Wills, Matthew Plummer, and Tara Chadderton due to inadequate medical care for Plaintiff's symptoms and pain.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## **Discussion**

### **Count 1**

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts suggesting (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* An objectively serious condition includes a condition that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

"[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

The Eighth Amendment does not entitle prisoners to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Ineffective treatment is not deliberate indifference. *See Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008).

Plaintiff's Complaint arguably describes an objectively serious medical condition but does not sufficiently plead deliberate indifference. Although Plaintiff names Wills, Plummer, and Chadderton as Defendants, he fails to specify how their individual actions contributed to his allegedly inadequate medical treatment or violated his constitutional rights. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Instead, a plaintiff is required to associate specific defendants with specific facts and claims so defendants are put on notice of the claims brought against them and can properly answer the Complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based). Plaintiff has not done so here with respect to these defendants.

Moreover, Plaintiff's Complaint does not suggest deliberate indifference. Plaintiff alleges his prescribed medication was ineffective and that Defendants ignored his ongoing pain, but he does so in a conclusory fashion that is not sufficient to state a plausible constitutional claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Count 1 will therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff will be allowed to

amend his Complaint if he believes he can state a viable deliberate indifference claim.

**Disposition**

The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **November 30, 2026**. Plaintiff's request for preliminary injunctive relief is **DENIED**.

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint. The First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A. Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 26-19-SMY). Plaintiff should identify each defendant in the case caption and include sufficient factual allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how . . . ."). As much as possible, Plaintiff should include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant and their involvement in the alleged unconstitutional conduct (for example, John Doe did X and Jane Doe

did Y). No service will be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case will be dismissed with prejudice for failure to comply with a court order and/or failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal may also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

To facilitate Plaintiff's compliance with this Order, the Clerk of Court is DIRECTED to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: October 30, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**